IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAMONE E. FLOWERS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> DANA METZGER, Warden, ) <br> and ATTORNEY GENERAL OF ) <br> THE STATE OF DELAWARE, ) <br> Respondents. ) | Civil Action No. 17-1465-GMS |

## **MEMORANDUM**

### I. **BACKGROUND**

In April 2000, a Delaware grand jury indicted Flowers for first degree murder, possession of a firearm during the commission of a felony, and possession of a firearm by a person prohibited. The charges stemmed from an August 1, 1998 shooting. Following the severance of the person prohibited charge, a Superior Court jury found Flowers guilty of first degree murder and possession of a firearm during the commission of a felony in October 2002. Flowers moved for a new trial, but the Superior Court denied the motion in February 2003. The Superior Court sentenced Flowers to life in prison without the possibility of probation or parole for the murder and ten years for the weapon offense, and the Delaware Supreme Court affirmed Flowers' convictions and sentences on direct appeal. *See Flowers v. State,* 858 A.2d 328 (Del. 2004).

In September 2008, the court dismissed Flowers' first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after determining that the petition was time-barred. *See Flowers v.. Phelps,* 2008 WL 4377704 (D. Del. Sept. 22, 2008). Flowers appealed, and the Third Circuit Court of Appeals declined to issue a certificate of appealabilty. *See Flowers v. Phelps,* C.A. No. 08-4157, Order (3d Cir. April 15, 2009).

In October 2017, Flowers filed the habeas petition presently pending before the court. (D.I. 3) The petition challenges his 2002 convictions.

## II. LEGAL PRINCIPLES

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). Notably, a habeas petition is not considered second or successive simply because it follows a prior petition. *See Panetti v. Quarterman*, 551 U.S. 930, 944 (2007). Rather, a habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III. DISCUSSION

After reviewing the record, the court concludes that Flowers has filed a second or successive habeas petition under 28 U.S.C. § 2244. The denial of Flower's first petition was an adjudication on the merits for the purposes of 28 U.S.C. § 2244(b), and the instant petition challenges the same 2002 convictions and asserts claims that could have been asserted in his first petition. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) (holding that the dismissal of a § 2254 petition as time barred constitutes an adjudication on the merits for successive purposes); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (holding that "a statute of limitations bar is not

a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims"); *Benchoff*, 404 F.3d at 817-18.

The record reveals that Flowers did not obtain permission from the Third Circuit Court of Appeals before filing his pending habeas request. In addition, since nothing in the instant petition comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2), the court concludes that it would not be in the interest of justice to transfer this case to the Court of Appeals for the Third Circuit. Accordingly, the court will dismiss the instant unauthorized second or successive petition for lack of jurisdiction. *See* 28 U.S.C. § 2244(b)(1); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) (holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

## IV. MOTIONS

The court will grant Flowers' motion for leave to proceed *in forma pauperis* (D.I. 1) solely for the purpose of issuing the instant memorandum and order. Additionally, having determined that it must dismiss the instant petition for lack of jurisdiction, the court will deny as moot Flowers' motion to stay and abey the instant petition (D.I. 5).

## V. CONCLUSION

For the aforementioned reasons, the court will deny Flowers' § 2254 petition for lack of jurisdiction. The court also declines to issue a certificate of appealability because Flowers has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate order will be entered.

Dated: July 1st, 2018

_____
UNITED STATES DISTRICT JUDGE